# In the United States Court of Federal Claims

No. 08-847 L

(Filed: August 22, 2012)

|  |  |
|---|---|
| BARLOW & HAUN, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

Drake D. Hill, Matthew A. Hartford, Beatty, Wozniak & Reese, Casper, Wyo., for plaintiffs.

E. Barrett Atwood, Trial Attorney, Natural Resources Section, Ignacia S. Moreno, Assistant Attorney General, Environment and Natural Resources Division, United States Department of Justice, Washington, D.C., for defendant. John S. Retrum, Attorney, Office of the Regional Solicitor, United States Department of the Interior, of counsel.

## ORDER DENYING DISPOSITIVE MOTIONS

GEORGE W. MILLER, Judge

This case is about the Bureau of Land Management's ("BLM") suspensions of twenty-six leases issued by BLM that grant plaintiffs the right to explore and develop oil and gas in Sweetwater County, Wyoming. Plaintiffs have moved for partial summary judgment on the issue of defendant's liability for breach of the leases. Defendant has filed a cross-motion for summary judgment on plaintiffs' claims for breach of contract and for a taking without just compensation.[1]

---

[1] *See* Mem. in Supp. of Pls.' Mot. for Partial Summ. J. (docket entry 69, Jan. 23, 2012); United States' Mem. in Opp'n to Pls.' Mot. for Partial Summ. J. & in Supp. of Cross-Mot. for Summ. J. ("Def.'s Mot.") (docket entry 87, Mar. 5, 2012); Pls.' Resp. to Def.'s Mot. for Summ. J. & Reply to Def.'s Resp. to Pls.' Mot. for Partial Summ. J. (docket entry 89, Apr. 13, 2012); United States' Reply in Supp. of Its Cross-Mot. for Summ. J. (docket entry 93, May 4, 2012); Pls.' Unopposed Mot. for Leave to File Sur-Reply to Def.'s Reply in Supp. of Its Cross-Mot. for Summ. J. (docket entry 94, May 11, 2012); United States' Unopposed Mot. to Supplement Its Cross-Mot. for Summ. J. (docket entry 97, May 23, 2012).

**I.      Background**

Plaintiffs' oil and gas leases have been in various states of suspension since 1992 due to a conflict between the oil and gas industry and the trona[2] industry relating to the concurrent exploration and development of the minerals. BLM suspended plaintiffs' leases in 2000 ("2000 suspensions"). *See* Mem. in Supp. of Pls.' Mot. for Partial Summ. J. ("Pls.' Mot.") Ex. N (docket entry 69, Jan. 23, 2012). The 2000 suspensions were issued pursuant to 30 U.S.C. § 209 and 43 C.F.R. § 3103.4-4, a statute and regulation incorporated into the leases that authorize suspension of leases for the conservation of natural resources and promotion of natural resource development. BLM described the 2000 suspensions as "indefinite," stating that a peer review of a report by the Joint Industry Committee (which was seeking a solution for the concurrent development of trona and oil and gas) "ha[d] not yet been completed" and "so it [was] not known if additional analysis w[ould] be required before a final decision c[ould] be made." Pls.' Mot. Ex. N.

After unsuccessful attempts to resolve the resource conflict by working with the oil and gas and trona industries, *see* United States' Mem. in Opp'n to Pls.' Mot. for Partial Summ. J. & in Supp. of Cross-Mot. for Summ. J. ("Def.'s Mot.") 19 (docket entry 87, Mar. 5, 2012), BLM sought to develop a policy through the resource management plan ("RMP") decision-making process. *See id.* The 2007 Draft RMP and Environmental Impact Statement ("EIS") for the Kemmerer office provided that existing leases would be suspended and proposed alternative ways to deal with new leases. *Id.* Ex. 2, at 2-16, 2-21, 2-25, 2-30, 2-45. The 2008 Proposed Kemmerer RMP and Final EIS also proposed that the existing leases would be suspended. In discussing the environmental impacts, it stated: "The preferred course of action is to administer the area exclusively for trona extraction until conventional trona mining is complete. Therefore, an area has been designated, the [Mechanically Mineable Trona Area ("MMTA")], in which oil and gas leasing and development are currently prohibited." *Id.* Ex. 3, at 4-31.

After this lawsuit was initiated in 2008, the 2010 Record of Decision ("ROD") on the Kemmerer RMP was issued. It stated: "Existing oil and gas leases are suspended in the MMTA. The MMTA is administratively unavailable for new fluid mineral leasing until the oil and gas resource can be recovered without compromising the safety of underground miners." Pls.' Mot. Ex. U, at 2-26. The RMP issued by BLM's Rock Springs office is expected to be revised to conform to the Kemmerer RMP, although the Court understands that the process is not yet complete. All of the leases at issue in this case are subject to either the RMP issued by the Kemmerer or Rock Springs offices.

Mark J. Doelger, president of plaintiff Barlow & Haun, Inc., has submitted an affidavit stating that "BLM has repeatedly represented to Barlow & Haun and has represented to the public in the alternatives it was considering that no oil and gas production will be allowed in the MMTA until all trona mining is completed." Pls.' Mot. Ex. D ¶ 34. Doelger further states:

---

[2] "Trona is a relatively rare mineral, in the form of a double salt, composed of hydrous sodium carbonate and sodium bicarbonate." Def.'s Mot. 10. "Southwest Wyoming contains the world's largest trona deposit, making Sweetwater County, Wyoming a major contributor to the total world production of trona." *Id.*

"After the BLM issued the 2010 ROD on the Kemmerer RMP, the BLM has never notified the Plaintiffs . . . that oil and gas lease suspensions cold [sic] be lifted to allow for drilling. To the contrary, the BLM has represented to Barlow & Haun that no application for permit to drill would be approved until all trona mining is completed." *Id.* Doelger estimates that mining of trona will take hundreds of years. Defendant objects to the admissibility of Doelger's estimate of how long trona mining will take, but defendant "does not dispute that it will be a long time before all trona mining is completed." Def.'s Mot. 30 n.17. Plaintiffs have not filed a petition to terminate the suspensions or an application for a permit to drill.

Presently before the Court is plaintiffs' motion for partial summary judgment on the issue of defendant's liability for breach of contract based on a theory that BLM breached the leases when it suspended the leases until the completion of all trona mining and created a moratorium banning all oil and gas exploration and development within the leased acreage. Pls.' Mot. 1. Defendant filed a cross-motion for summary judgment on plaintiffs' contract claim, arguing that BLM acted properly when it suspended the leases in 2000 and developed a policy to address the mineral conflict through the RMP decision-making process. Def.'s Mot. 2–3. Defendant also argues that, even if plaintiffs are correct that a lease suspension issued in order to protect miner safety exceeds BLM's authority, claims based on such lack of authority accrued in 2000 and are untimely. *Id.* Defendant further argues that any claim predicated on the presumed denial of an application for a permit to drill is unripe. *Id.* Defendant also moves for summary judgment on plaintiffs' contract claim with respect to leases that are outside the MMTA and the leases subject to the RMP issued by BLM's Rock Springs office. *Id.*

## II.     Discussion

Rule 56(a) of the Rules of the Court of Federal Claims ("RCFC") provides that the court will "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* A material fact is a fact "that might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute exists when the finder of fact may reasonably resolve the dispute regarding a material fact in favor of either party. *Id.* at 250. A court must view facts and draw all reasonable inferences in favor of the non-movant. *Id.* at 255. On cross-motions for summary judgment, "[e]ach party carries the burden on its own motion to show entitlement to judgment as a matter of law after demonstrating the absence of any genuine disputes over material facts." *Massey v. Del Labs., Inc.*, 118 F.3d 1568, 1573 (Fed. Cir. 1997). "The fact that both parties have moved for summary judgment does not mean that the court must grant judgment as a matter of law for one side or the other; summary judgment in favor of either party is not proper if disputes remain as to material facts." *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed. Cir. 1987); *accord Bubble Room, Inc. v. United States*, 159 F.3d 553, 561 (Fed. Cir. 1998).

"When the United States enters into contract relations, its rights and duties therein are governed generally by the law applicable to contracts between private individuals." *United States v. Winstar Corp.*, 518 U.S. 839, 895 (1996) (plurality opinion) (quoting *Lynch v. United States*, 292 U.S. 571, 579 (1934)) (internal quotation marks omitted). "To recover for breach of contract, a party must allege and establish: (1) a valid contract between the parties, (2) an obligation or duty arising out of the contract, (3) a breach of that duty, and (4) damages caused by the breach." *San Carlos Irr. & Drainage Dist. v. United States*, 877 F.2d 957, 959 (Fed. Cir.

1989); *see, e.g.*, *Mobil Oil Exploration & Producing Se., Inc.*, 530 U.S. 604 (2000); *Amber Res. Co. v. United States*, 538 F.3d 1358 (Fed. Cir. 2008).

Here, plaintiffs allege that BLM anticipatorily repudiated and materially breached the twenty-six leases at issue in this case. Viewing the facts and drawing all reasonable inferences in favor of the non-movant, the Court finds that significant genuine disputes of material fact exist and that neither side is entitled to judgment as a matter of law. For example, a genuine dispute of material fact exists as to the duration of the suspensions. Plaintiffs contend that the record shows that the leases have been suspended until the completion of trona mining; defendant contends that the record shows that the leases have been suspended "indefinitely." Defendant's ripeness and statute of limitations arguments also present factual issues that would benefit from ventilation at trial. In short, there are material facts that are genuinely disputed and neither side is entitled to judgment as a matter of law. *See* Pls.' Mot. 2–5 ("Statement of Undisputed Facts"); Def.'s Mot. 24–28 ("Statement of Disputed Facts"); Pls.' Resp. to Def.'s Mot. & Reply to Def.'s Resp. to Pls.' Mot. for Partial Summ. J. 3–5 ("Reply to Government's Factual Assertions") (docket entry 89, Apr. 13, 2012). Accordingly, the Court **DENIES** plaintiffs' motion for partial summary judgment and defendant's motion for summary judgment on plaintiffs' contract claim.

As plaintiffs' contract claim remains unresolved, the Court will allow plaintiffs to proceed on their alternative taking claim. *See Barlow & Haun, Inc. v. United States*, 87 Fed. Cl. 428, 439 (2009); *see also Century Exploration New Orleans, Inc. v. United States*, 103 Fed. Cl. 70, 80 (2012). Accordingly, the Court **DENIES** defendant's motion for summary judgment on plaintiffs' taking claim.

As this Order resolves the pending dispositive motions, the parties shall file a Joint Status Report notifying the Court of their views on the nature and timing of further proceedings within ten days after the date of this Order. *See* June 12, 2012 Order (docket entry 102); Jan. 24, 2012 Order (docket entry 74); Nov. 10, 2011 Order (docket entry 65).

**IT IS SO ORDERED.**

                                                  s/ George W. Miller
                                                  GEORGE W. MILLER
                                                  Judge